IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JAMES W. WOOLUM, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 240043R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Proposed Refund Adjustment dated

October 17, 2023, for the 2022 tax year. A trial was held on May 22, 2025, at the Oregon Tax

Court. Plaintiff's accountant Douglas Lovett (Lovett) appeared and testified on behalf of

Plaintiff. Kellie White (White), an auditor, appeared and testified on behalf of Defendant.

Plaintiff's Exhibits 1 through 8 and Defendant's Exhibits A through D were received without

objection. This matter is now ready for decision.

## I. INTRODUCTION

This case concerns the Oregon tax treatment of income derived from a pass-through

entity (PTE) that elected to pay tax at the entity level. Under Oregon law, a PTE may elect to

pay income tax on behalf of its owners, and the tax paid may be deducted at the entity level for

federal income tax purposes.[1]

---

[1] In 2017, Congress enacted what is popularly known as the Tax Cuts and Jobs Act (TCJA), which imposed a $10,000 cap on the federal deduction for state and local taxes (commonly referred to as the "SALT cap"). Pub L 115-97, 131 Stat 2054 (2017). This cap significantly limited the ability of individual taxpayers--especially those in high-tax states--to deduct state income taxes on their federal returns. *See id.* at § 11042.

Because pass-through entities (such as partnerships and S corporations) do not pay income tax at the entity level, their owners report and pay state income taxes individually. *See* ORS 314.712. As a result, those taxes became subject to the SALT cap, reducing the federal deductibility of state income taxes for many business owners. *See* Pub L 115-97, § 11042, 131 Stat 2054 (2017).

To mitigate the impact of the SALT cap, Oregon enacted the Pass-Through Entity Elective (PTE-E) tax in

To prevent a double tax benefit, Oregon requires individual taxpayers to add back their share of any such deduction when computing Oregon taxable income.

Plaintiff was a member of a PTE that made this election and deducted Oregon income tax at the entity level on its federal return. As a result, Plaintiff's federal taxable income was reduced by his share of that deduction. In computing Oregon taxable income, however, the parties disagree on the amount that must be added back to reverse that federal benefit.

The parties also dispute whether Plaintiff is entitled to a credit for taxes paid to California. Although Plaintiff reported income subject to tax in both Oregon and California, Defendant determined that Plaintiff did not pay any tax to California within the meaning of Oregon law.

Accordingly, this case presents two issues: (1) the correct amount of add-back to Plaintiff in connection with the PTE-E tax deduction, and (2) whether Plaintiff is entitled to a credit for taxes paid to California. As explained below, the court concludes that Plaintiff must add back the full amount of his federal credit--$29,827--on his Oregon return and is not entitled to a credit for taxes paid to California because no tax was actually paid.

## II. STATEMENT OF FACTS

For the 2022 tax year, Plaintiff, a California resident, submitted an amended Form OR-40-N: Oregon Individual Income Tax Return for Nonresidents (Amended Return). (Compl at 7-17; Def's Ex A.) Lovett testified that Plaintiff is part of a partnership with approximately 16

---

2021 (SB 727), effective for tax years beginning on or after January 1, 2022. Or Laws 2021, ch 589. The PTE-E tax allows qualifying partnerships and S corporations to elect to pay Oregon income tax at the entity level. *See id*. In turn, the individual owners receive a dollar-for-dollar credit on their Oregon personal income tax returns for their share of the tax paid by the entity. *See id*. This structure effectively shifts the tax burden from the individual to the entity, allowing the tax to be deducted at the entity level for federal tax purposes—thus bypassing the SALT cap— while preserving revenue neutrality for Oregon. *See id.*; *see also* Testimony, House Committee on Revenue, SB 727, Jun 24, 2021 (statement of Christopher Allanach).

partners, each with varying ownership interests. The partnership claimed a $666,000 Oregon PTE-E tax deduction on its federal return for the tax year at issue. (Ptf's Ex 2 at 1.) Plaintiff's share, based on his ownership interest, was $29,827, which Lovett testified was the amount added back on Plaintiff's original return. (*Id.*; Compl at 17, 21.) The Amended Return reduced that amount to $5,888. (*Id.*)

Plaintiff's California Resident Income Tax Return (California Return) was submitted into evidence. (Def's Ex B.) The California Return shows tax in the amount of $97,980 and a credit in the same amount, resulting in no tax due. (Def's Ex B at 2-3.) On his Form OR-40N--Credit for Taxes Paid Other State--Plaintiff claimed $98,286 for California state tax after credits. (Def's Ex A at 17.)[2]

Plaintiff's California Return also included Form 3523--Research Credit.[3] (Def's Ex B at 25.) On this form, Plaintiff claimed a pass-through research credit from the partnership in the amount of $11,586. (*Id.* at 26, line 40.) Plaintiff's California Return also included eleven Schedules S for other states where Plaintiff earned income in 2022. (Def's Ex B at 14-24.) Each Schedule S showed Plaintiff's California tax liability as $86,394. (*Id.*, all at line 2.) White testified that the tax liability was $86,394 because it subtracted the research credit ($97,980 - $11,586 = $86,394).

Defendant sent Plaintiff a Notice of Proposed Refund Adjustment dated October 17, 2023 (Notice). (Compl at 2-6.) The Notice increased the amount of the addition for "pass-through entity taxes paid" (PTE) in the Oregon column to $29,827. (*Id.*) This number represents

---

[2] The court notes the unexplained difference in credit figures; however, this fact is not germane to resolution of the issues of the case.

[3] The court notes that at trial, Lovett repeatedly corrected the court that this amount was a "deduction." However, Form 3523 identifies it as a "credit." (*See* Def's Ex B at 26.)

Plaintiff's share of the Oregon pass-through entity tax deducted at the federal level. (Ptf's Ex 1 at 1.)

### III. ANALYSIS

This case presents two issues. The first issue is whether Plaintiff must add back $29,827, representing his full share of PTE-E tax deducted at the entity level for federal income tax purposes, or only $5,888. The second issue is whether Plaintiff is entitled to a credit for taxes paid to California.

A.    *Add-Back for Tax Benefit of Pass-Through Entity Deduction*

The parties agree that the PTE deducted $666,000 of Oregon PTE tax on its federal return and that Plaintiff's distributive share of that deduction was $29,827. The dispute concerns whether the full amount must be added back, as argued by Defendant, or whether the add-back must further be apportioned to $5,888, as Plaintiff argues.

Oregon Laws 2022, chapter 82, section 3(3)(a) requires that a member of a PTE "shall add back any amount of Oregon tax imposed under this chapter and deducted by the pass-through entity at the entity level for federal income tax purposes."[4] The statute directs attention to the amount deducted at the federal level and does not provide for apportionment of the add-back.

The evidence shows that Plaintiff received the full benefits of a $29,827 deduction in computing federal taxable income. Because the add-back reverses that federal tax benefit for purposes of determining Oregon taxable income, it must correspond to the amount of the deduction that produced the benefit.

---

[4] This amendment applies to tax years beginning on or after January 1, 2022. *See* Or Laws 2022, ch 82, § 16(2).

Plaintiff contends that only $5,888 should be added back. Under Plaintiff's approach, however, most of the federal tax deduction benefit would remain intact. Plaintiff reduced his federal taxable income by $29,827; adding back only $5,888 would leave $23,939 of that deduction unreversed for Oregon purposes. That result is inconsistent with the statutory text and structure. Or Laws 2022, ch 82, § 3(3)(a). The add-back eliminates the federal tax benefit associated with deducting state income taxes at the entity level. Oregon applies apportionment in determining the portion of a nonresident's income that is derived from Oregon sources. ORS 316.127(1)(b) provides that a nonresident's adjusted gross income from Oregon sources includes the portion of additions or subtractions to federal taxable income that related to adjusted gross income derived from sources in this state, including modifications attributable to the nonresident as a partner.[5] *See* ORS 316.124(3). Plaintiff's approach would collapse the separate steps of sourcing the item and adding back the amount deducted at the entity level for federal purposes. Accordingly, the court concludes that Plaintiff was required to add back $29,827. Thus, Defendant's adjustment is sustained.

B.      *Credit for Taxes Paid to California*

Oregon imposes a tax on nonresidents attributable to sources of income derived within this state. *See* ORS 316.037(3) and ORS 316.127. It is undisputed that in 2022, Plaintiff, a California resident, earned income derived from sources in Oregon. Oregon also allows nonresident taxpayers "a credit against the taxes otherwise due under this chapter for income taxes imposed by and *paid to* the state of residence * * * on income taxable under this chapter[.]" ORS 316.131(1) (emphasis added). Plaintiff argues that the court should determine whether tax was "paid" by reference to Oregon law rather than the operation of California's credit system.

---

[5] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

However, tax credits are "privileges accorded as a matter of legislative grace," and statutes relating to such credits must be strictly construed against the taxpayer. *Keyes v. Chambers et al.*, 209 Or 640, 646, 307 P2d 498 (1957). A tax liability that is offset by a nonrefundable credit is not "paid" in the ordinary sense. The usual meaning of "pay" is to remit funds--discharge an obligation or indebtedness, *e.g.*, pay a tax. *See Webster's Third New Int'l Dictionary* 1659 (unabridged ed 1961). Plaintiff's California Return shows both a tax and a credit in the same amount--$97,980. (Def's Ex B at 2, line 31 and at 3, line 45.) When computed together, the tax and credit equated to $0. (*Id*. at 3, line 48.) ORS 316.131 allows a credit only for taxes actually paid to another state. Plaintiff's California tax return shows taxes that were fully offset by credits, resulting in no tax actually paid to his state of residence.

This interpretation is supported by Oregon Administrative Rule (OAR) 150-316-0084, which details how to compute credit for income tax paid to another state. The rule defines "net tax" as the liability after all credits, except for a few specifically enumerated exceptions (*e.g.*, surplus refund, claim of right credit). *See* OAR 150-316-0084(2)(f). The research credit is not among those exceptions. Under that rule, the credit is based on tax remaining after credits, not on a preliminary liability later reduced to zero. Here, Plaintiff's California liability was fully offset by credits, so no California tax remained due or was paid.[6]

The Oregon Supreme Court recognizes that a tax obligation may, in some circumstances, be satisfied without a cash payment. *See Con-Way, Inc. & Affiliates v. Dept. of Rev.*, 353 Or 616, 302 P3d 804 (2013) (holding that a taxpayer's obligation to pay a statutorily required annual

---

[6] The parties also ask the court to determine Plaintiff's mutually taxed income for the tax year at issue. OAR 150-316-084 explains the computation of the credit for taxes paid to another state on mutually taxed income. Under this rule, the credit allowed is the lesser of one of four amounts, one being "the tax actually paid to the other state." OAR 150-316-084(4)(c). As determined above, this amounted to $0, resulting in no credit.

corporate minimum tax could be satisfied by claiming a tax credit on its return).  However, that principle does not assist Plaintiff here.  Plaintiff's California tax return shows tax and credits in the same amount, leaving no net California tax due.  Unlike in *Con-Way*, the credits here did not satisfy an amount that remained owing; they reduced Plaintiff's California liability to zero.  Accordingly, Plaintiff did not pay tax to California within the meaning of ORS 316.131.  Because no California tax was paid, Plaintiff  is not entitled to a credit under ORS 316.131.

## IV.  CONCLUSION

After careful consideration, the court concludes that Plaintiff was required to add back $29,827 on his Oregon return corresponding to the PTE-E tax deduction claimed on his federal return.  The court also concludes that Plaintiff is not entitled to a credit for taxes paid to California because no tax was actually paid.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.  Defendant's determination, including the add-back of $29,827 and the disallowance of the claimed credit for taxes paid to California, is sustained.

_____
RICHARD D. DAVIS
MAGISTRATE

***To appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court.  Appeals are accepted by electronic filing; by mail at 1163 State Street, Salem, OR 97301-2563; and by hand delivery to 1241 State Street, Salem, OR, Floor 4R.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Richard D. Davis and entered on April 21, 2026.***